**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Warren Butler</u>

      **v.**                                         Case No. 10-cv-216-PB
                                                   Opinion No. 2010 DNH 198

<u>United States of America</u>

## <u>MEMORANDUM AND ORDER</u>

Warren Butler pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft.  After Butler was sentenced, but while his appeal was pending, the Supreme Court held in <u>Flores-Figueroa v. United States</u>, 129 S. Ct. 1886 (2009) that the crime of aggravated identity theft requires proof that the defendant knew that he was misusing another person's identification documents.  <u>Id.</u> at 1894.  Butler invokes <u>Flores-Figueroa</u> in claiming that his guilty plea must be set aside.  He also argues that his sentence was based on an incorrect guideline sentencing determination.

## I. BACKGROUND[1]

Butler was indicted in October of 2007 for his role in a scheme to defraud several of Bank of America's customers. Butler was able to acquire customer account numbers and other personal identification information from a Bank of America teller who provided the information in exchange for a payment of approximately $500 per customer.  Butler sent the customer information to an accomplice who created counterfeit driver's licenses in the account-holders' names.  Those counterfeit identities were then used to fraudulently withdraw funds from the targeted accounts.  Overall, Butler's contact at Bank of America estimated that she accessed approximately forty accounts for Butler.

Butler pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft on October 31, 2007.  He was sentenced to a fifty-one month term of imprisonment on the conspiracy charge and, as the identity theft statute requires, he received a consecutive twenty-four month sentence on the identity theft charge.

_____

[1]  The background facts concerning Butler's crimes are drawn from the statement of facts offered by the government in support of Butler's proposed guilty plea.

Butler unsuccessfully appealed his sentence and filed the current motion after his appeal was resolved.  He bases his request for relief on 28 U.S.C. § 2255.

## II. <u>STANDARD OF REVIEW</u>

Section 2255 allows a prisoner in federal custody to move for relief from his conviction and sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Where no evidentiary hearing is held on a § 2255 motion, the court "take[s] as true the sworn allegations of fact set forth in the petition unless those allegations are merely conclusory, contradicted by the record, or inherently incredible."  <u>Owens v. United States</u>, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks and citation omitted).  In reviewing a <u>pro se</u> motion, this Court is obliged to construe the pleading liberally.  See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe <u>pro se</u> pleadings liberally in

favor of that party).  This review ensures that <u>pro</u> <u>se</u> pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).


### III.  <u>ANALYSIS</u>

### A.  <u>The Guilty Plea</u>

Butler claims that his guilty plea must be set aside in light of <u>Flores-Figueroa</u> because: (1) the government's factual proffer did not demonstrate that Butler knew that he was misusing an actual person's identification documents; (2) Butler did not understand when he pleaded guilty that knowing misuse of an actual person's identity was an element of the crime of aggravated identity theft; and (3) Butler's lawyer was constitutionally ineffective because he failed to anticipate <u>Flores-Figueroa</u>.

Because Butler did not challenge his guilty plea on direct review, he is barred from raising his first two arguments in a § 2255 motion unless he can establish both "cause" for the procedural default and "actual prejudice." [2]  <u>Owens</u>, 483 F.3d at

_____

[2] A procedural default may also be excused by a showing of "actual innocence." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). Actual innocence requires a showing that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the defendant]." <u>Id.</u> at 623

4

57.  Although Butler cannot be faulted for failing to present his ineffective assistance of counsel claim in his direct appeal, see United States v. Fornia-Castillo, 408 F.3d 52 (1st Cir. 2005) (recognizing that ineffective assistance claim can be raised "only on collateral attack in a proceeding pursuant to 28 U.S.C. § 2255" when facts supporting claim are undeveloped), he cannot succeed on this claim either without showing that he was prejudiced by counsel's claimed error.  Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010).

The standard for prejudice in the procedural default analysis is whether "'there is a reasonable probability that the result of the trial would have been different' absent the error."  Prou v. United States, 199 F.3d 37, 49 (1st Cir. 1999) (quoting Strickler v. Greene, 527 U.S. 263, 289 (1999)).  The prejudice standard for an ineffective assistance claim specifically requires that there is "[a] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  Due to the nearly identical language of these two tests, they have been found to

_____

(internal quotations omitted).  As I explain below, Butler is in no position to claim that he is actually innocent.

be "one and the same."  Prou, 199 F.3d at 49.  Because Butler

must show the same prejudice for both his procedurally defaulted

claims and his ineffective assistance claim, I will address the

issue of prejudice first.

The defendant in Flores-Figueroa was convicted of

aggravated identity theft under the same statute that Butler

pleaded guilty to in this case, 18 U.S.C. § 1028A.  The statute

imposes a mandatory consecutive two-year prison term upon an

individual convicted of other crimes if, during or in relation

to those other crimes, the defendant "knowingly transfers,

possesses, or uses, without lawful authority, a means of

identification of another person."  18 U.S.C. § 1028(A).

Flores-Figueroa held that the statute requires the Government to

show that the defendant knew that the "means of identification"

used did, in fact, belong to another person.  Flores-Figueroa,

129 S. Ct. at 1888.  In that case the defendant presented his

employer with counterfeit Social Security and alien registration

cards, but there was no evidence as to how he had obtained those

numbers, and thus that he was aware that the numbers actually

belonged to other people.  Id. at 1889.  The Supreme Court held

that without that showing the defendant could not be convicted.

Id. at 1894.

The facts of this case are easily distinguishable from Flores-Figueroa.  As Butler admitted in his guilty plea, he knew that the account information he used to commit his crimes came directly from a Bank of America employee with access to the personal account information of Bank of America customers.  In fact, Butler not only knew that the information he was receiving belonged to real people, he knew who those real people were.  This was a necessary part of the scheme, because Butler took the account information he was provided and used it to create counterfeit identities using the personal information (name, account number, etc.) of those real Bank of America customers.  Because Butler's scheme relied on withdrawing funds from existing bank accounts, it was only capable of succeeding if it was based on real identities.  Butler's knowledge that the means of identification he used belonged to real people can be easily inferred from the facts he admitted to when he pleaded guilty.

Since the facts that Butler admitted to when he pleaded guilty clearly establish that Butler knew when he committed the crime that he was misusing an actual person's identity, he is in no position to challenge the adequacy of the factual proffer that was then before the court.  Nor can he establish that he was prejudiced by his claimed failure to understand when he

pleaded guilty that proof that he had knowingly misused the identity of an actual person was an element of the crime of identity fraud.

This is particularly true in light of an order I issued requesting that Butler file a memorandum explaining in detail how the outcome of his plea negotiations or a resulting trial could have been different in light of the <u>Flores-Figueroa</u> holding.  <u>See</u> Order, Doc. No. 7, at 1.  Butler's response failed to put forward any argument specifically showing how he was prejudiced by his alleged failure to anticipate <u>Flores-Figueroa</u>. While he alleged in a conclusory fashion that he would not have pleaded guilty if he was aware of the additional requirements of <u>Flores-Figueroa</u>, he failed to identify any factual circumstances or legal arguments that might support his allegation.  Even construing Butler's pleadings liberally, his bare allegation of prejudice is insufficient in light of the specific facts of this case.  <u>See</u> <u>Owens</u>, 483 F.3d at 57.  Accordingly, there is not a reasonable probability that the result of the proceeding would have been different had the claimed errors not been committed.

In light of my finding that Butler was not prejudiced, he fails to fulfill that prong of both the procedural default standard and the ineffective assistance standard.  It is

therefore not necessary to address whether there was cause for
his procedural default or whether defense counsel's assistance
was deficient.  See United States v. Frady, 456 U.S. 156, 167
(1982) (finding it "unnecessary" to determine whether cause
existed for procedural default where the Court was "confident he
suffered no actual prejudice"); Hill v. Lockhart, 474 U.S. 52,
60 (1985) (declining to address whether counsel's performance
was deficient in an ineffective assistance claim where the
defendant was not prejudiced).

B.    **Validity of Butler's Sentence**

     Butler also attacks his sentence by claiming that I
improperly calculated his guideline sentencing range.  I need
not consider the merits of this argument because the appellate
and collateral review waiver in the plea agreement precludes him
from challenging this aspect of his sentence.

     Butler waived the right to collaterally challenge his
conviction when he pleaded guilty.  Although the waiver was
subject to specified exceptions, none apply here.  As I have
explained, Butler has failed to credibly claim that he would not
have entered his guilty plea had he known that the government
had to prove that he knowingly misused another person's identity
documents.  Thus, he cannot escape the appellate and collateral

review waiver by claiming that his guilty plea was improvident

or that counsel was constitutionally ineffective when he advised

Butler to plead guilty.  Nor can he claim that Flores-Figueroa

embodies a new rule of law that renders the waiver ineffective.

First, Supreme Court doctrine is clear that a decision

interpreting the text of a statute does not constitute a "new

legal principle."  See Bousley, 523 U.S. at 625-26 (Stevens, J.

concurring) (noting that a decision construing a statute was not

a "new rule of law" because "'judicial construction of a statute

is an authoritative statement of what the statute meant before

as well as after the decision of the case giving rise to that

construction'") (quoting Rivers v. Roadway Exp., Inc., 511 U.S.

298, 312 (1994)).  Second, Butler's challenges to his sentence

are not based on Flores-Figueroa.  Thus, they are not excepted

from the appeal waiver even if the holding of Flores-Figueroa

qualified as a new legal principle.

Waivers of collateral review rights have been recognized as

valid in this circuit as long as procedural safeguards are met.

United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001).  In

this case, Butler's plea agreement included a waiver of the

right to directly appeal or collaterally challenge "defendant's

guilty plea and any other aspect of defendant's conviction . .

. ." [<u>United States v. Butler</u>, 07-cr-67-PB,] Plea Agreement [doc no. 52] at 12.  At his plea hearing Butler was informed that he was "giving up [his] right to appeal [his] conviction and sentence and to challenge it in a collateral review proceeding."  Tr. Of Waiver of Indictment and Plea to Information Hr'g at 13.  Butler was asked if he understood, and responded "yes."  <u>Id.</u>  In light of the appellate and collateral review waiver, Butler's attempts to challenge his sentence, like his attempts to challenge the validity of his guilty plea, fail.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, I deny Butler's motion for relief under § 2255.  Because I have denied the petition on procedural grounds, Butler is not entitled to a certificate of appealability unless he can show both that "the soundness of the procedural ruling is debatable and . . . [that] the [underlying] constitutional claim is also colorable.  <u>In re Smith</u>, 436 F.3d 9, 10 (1st Cir. 2006) (quoting <u>Mateo v. United States</u>, 310 F.3d 39, 40 (1st Cir. 2002).  For the reasons set forth in this Memorandum and Order, Butler has failed to meet this standard. Accordingly, the court declines to issue a certificate of

appealability.  The clerk of court shall enter judgment

accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 23, 2010

cc:  Warren Butler, pro se
     Aixa Maldonado-Quinones, Esq.